1   WILLIAM J. GOINES (SBN:  61290)
    goinesw@gtlaw.com
2   GREENBERG TRAURIG, LLP
    1900 University Avenue, Fifth Floor
3   East Palo Alto, CA 94303
    Tel:  (650) 328-8500; Fax: (650) 328-8508
4
5   ROBERT J. HERRINGTON (SBN:  234417)
    herringtonr@gtlaw.com
6   GREENBERG TRAURIG, LLP
    1840 Century Park East, Suite 1900
7   Los Angeles, CA 90067-2121
    Tel: 310-586-7816; Fax: 310-586-0219
8
9   Attorneys for Defendant
    Wal-Mart Associates, Inc.
10
                    **UNITED STATES DISTRICT COURT**
11
                    **EASTERN DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| 13   KELLY WELCH, PRISCILLA MACKSOUD, JON WUNDERLIN, CHRISTOPHER BRIXEY, DAVID LEDWITH, LISA GRESHAM, GUILLERMINA AVITIA, CLAUDIA SOTO, TAMMY SANCHEZ, RANDY GIEFER, GERALD LALONDE, DIANE HOLLAND, JENNIE KEEN, GABRIEL SUCRE, JOHN KENYON, KURT JOHNSON, ROSA TREVINO, RHONDA JACKSON, MATTHEW BENCE, KISHON MONTEZ, LORAINE MCWHORTER, ARTURO CASTANEDA, ROD COUTURE, FRANCINE GIARDINO, BLONDELL ROBERTSON, KEVIN RYERSON, STEVEN CHAPMAN, ROSA TORRES, TERRIE WALKER, JUDY BALSAVICH, AMBER DOLAN AND MICHELLE HUMPHREYS, individuals, | CASE NO.: 2:16−CV−02202~~MCE DB~~ VC  **STIPULATION AND [~~PROPOSED~~] ORDER TO FILE FIRST AMENDED COMPLAINT**  Removed from Superior Court of the State of California for the County of San Joaquin Case No.: STK-CV-UOE-2016-6739  Action Removed:  September 15, 2016 State Court Action Filed:  July 11, 2016 |

                        Plaintiffs,

              v.

    WAL-MART ASSOCIATES, INC., a
    corporation; and DOES 1-50, inclusive,

                        Defendants.

Plaintiffs Kelly Welch, Priscilla Macksoud, Jon Wunderlin, Christopher Brixey, David Ledwith, Lisa Gresham, Guillermina Avitia, Claudia Soto, Tammy Sanchez, Randy Giefer, Gerald Lalonde, Diane Holland, Jennie Keen, Gabriel Sucre, John Kenyon, Kurt Johnson, Rosa Trevino, Rhonda Jackson, Matthew Bence, Kishon Montez, Loraine McWhorter, Arturo Castaneda, Rod Couture, Francine Giardino, Blondell Robertson, Kevin Ryerson, Steven Chapman, Rosa Torres, Terrie Walker, Judy Balsavich, Amber Dolan and Michelle Humphreys (collectively, "Plaintiffs") and Defendant Wal-Mart Associates, Inc. ("Defendant") state as follows:

WHEREAS, Plaintiffs filed their Complaint in the Superior Court of the State of California, County of San Joaquin, on July 11, 2016;

WHEREAS, Defendant's counsel signed the Notice and Acknowledgment of Receipt of the Summons and Complaint on August 16, 2016;

WHEREAS, Defendant filed its Answer to Plaintiffs' Complaint in the Superior Court of the State of California, County of San Joaquin, on September 15, 2016;

WHEREAS, after Defendant filed its Answer to Plaintiffs' Complaint, it filed a Notice of Removal in this Court on September 15, 2016 [Dkt. No. 1];

WHEREAS, Plaintiffs now seek to file a First Amended Complaint to add a cause of action pursuant to the Private Attorneys General Act ("PAGA") and allegations pursuant to California Business & Professions Code §§ 17200 *et seq.* for Defendant's alleged failure to pay reporting time wages; and

WHEREAS, Defendant does not oppose Plaintiffs' request to file a First Amended Complaint.

IT IS HEREBY AGREED AND STIPULATED by and between the Plaintiffs and Defendant through their respective counsel of record, that:

1. Plaintiff may file a First Amended Complaint, a copy of which is attached hereto as Exhibit 1; and

2. Defendant's response to the First Amended Complaint shall be filed within 30 days after the filing and service of the First Amended Complaint.

1    DATED:  September 29, 2016          GREENBERG TRAURIG, LLP

2

3                                       By */s/William J. Goines*
                                            William J. Goines
4                                           Robert J. Herrington

5

6                                       Attorneys for Defendant Wal-Mart Associates, Inc.

7

8    DATED:  September 29, 2016          BLUMENTHAL, NORDREHAUG & BHOWMIK

9

10                                      By */s/Victoria B. Rivapalacio*
                                            Victoria B. Rivapalacio
11

12                                      Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **IT IS SO ORDERED.**

2

3  Dated: __November 3__, 2016

4

5  _____

6  HONORABLE VINCE CHHABRIA
   UNITED STATES DISTRICT JUDGE

7

8

9  *LA 132751773v1*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER TO FILE FIRST AMENDED COMPLAINT
CASE NO.: 2:16–CV–02202–MCE–DB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT NO. 1.

1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5  Website: www.bamlawca.com

6  Attorneys for Plaintiffs

7

8              **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALFIORNIA**

10

11  KELLY WELCH, PRISCILLA          Case No. **2:16-CV-02202-MCE-DB**
    MACKSOUD, JON WUNDERLIN,
12  CHRISTOPHER BRIXEY, DAVID       **FIRST AMENDED COMPLAINT FOR:**
    LEDWITH, LISA GRESHAM,
13  GUILLERMINA AVITIA, CLAUDIA     1. UNFAIR COMPETITION IN
    SOTO, TAMMY SANCHEZ, RANDY      VIOLATION OF CAL. BUS. & PROF.
14  GIEFER, GERALD LALONDE, DIANE   CODE §§ 17200 *et seq*.;
    HOLLAND, JENNIE KEEN, GABRIEL
15  SUCRE, JOHN KENYON, KURT        2. FAILURE TO PAY OVERTIME
    JOHNSON, ROSA TREVINO, RHONDA   COMPENSATION IN VIOLATION OF
16  JACKSON, MATTHEW BENCE,         CAL. LAB. CODE §§ 510, 1194 and 1198,
    KISHON MONTEZ, LORAINE          *et seq*.;
17  MCWHORTER, ARTURO
    CASTANEDA, ROD COUTURE,         3. FAILURE TO PROVIDE ACCURATE
18  FRANCINE GIARDINO, BLONDELL     ITEMIZED STATEMENTS IN
    ROBERSTON, KEVIN RYERSON,       VIOLATION OF CAL. LAB. CODE §
19  STEVEN CHAPMAN, ROSA TORRES,    226; and,
    TERRIE WALKER, JUDY
20  BALSAVICH, AMBER DOLAN, and     4. FAILURE TO PROVIDE WAGES
    MICHELLE HUMPHREYS, individuals, WHEN DUE IN VIOLATION OF CAL.
                                    LAB. CODE §§ 201, 202 AND 203.
21              Plaintiffs,
                                    5. VIOLATION OF THE PRIVATE
22  vs.                             ATTORNEYS GENERAL ACT [LABOR
                                    CODE §§ 2698, *et seq*.].
23  WAL-MART ASSOCIATES, INC., a
    Corporation, and DOES 1 through 50,  **DEMAND FOR A JURY TRIAL**
24  inclusive,

25              Defendants.

26

27

28
                    FIRST AMENDED COMPLAINT

Plaintiffs Kelly Welch, Priscilla Macksoud, Jon Wunderlin, Christopher Brixey, David Ledwith, Lisa Gresham, Guillermina Avitia, Claudia Soto, Tammy Sanchez, Randy Giefer, Gerald Lalonde, Diane Holland, Jennie Keen, Gabriel Sucre, John Kenyon, Kurt Johnson, Rosa Trevino, Rhonda Jackson, Matthew Bence, Kishon Montez, Loraine McWhorter, Arturo Castaneda, Rod Couture, Francine Giardino, Blondell Robertson, Kevin Ryerson, Steven Chapman, Rosa Torres, Terrie Walker, Judy Balsavich, Amber Dolan and Michelle Humphreys ("PLAINTIFFS"), allege on information and belief, except for their own acts and knowledge which are based on personal knowledge, the following:

## **THE PARTIES**

1.      Defendant Wal-Mart Associates, Inc. ("DEFENDANT") is a corporation that all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout the State of California.

2.      WAL-MART operates more than 11,000 stores in 27 countries around the world. The company employs approximately 2.2 million associates and for the fiscal year ending in January 2013, the company reported a net sales of $466.1 billion

3.      Plaintiff Kelly Welch was employed by DEFENDANT in California as an Assistant Store Manager from March of 2005 to January of 2015.  At all times relevant during her employment with DEFENDANT, Plaintiff Welch was classified as a salaried employee exempt from overtime wages and other related benefits.

4.      Plaintiff Priscilla Macksoud was employed by DEFENDANT in California as an Assistant Store Manager from January of 2011 to September of 2013.  At all times relevant during her employment with DEFENDANT, Plaintiff Macksoud was classified as a salaried employee exempt from overtime wages and other related benefits.

5.      Plaintiff Jon Wunderlin has been employed by DEFENDANT in California as an Assistant Store Manager from May of 2010.  At all times relevant during his employment with DEFENDANT, Plaintiff Wunderlin has been classified as a salaried employee exempt from overtime wages and other related benefits.

1      6.      Plaintiff Christopher Brixey was employed by DEFENDANT in California as an
2  Assistant Store Manager from 1993 to August of 2012.  At all times relevant during his
3  employment with DEFENDANT, Plaintiff Brixey was classified as a salaried employee exempt
4  from overtime wages and other related benefits.

5      7.      Plaintiff David Ledwith has been employed by DEFENDANT in California as an
6  Assistant Store Manager since March of 2009.  At all times relevant during his employment
7  with DEFENDANT, Plaintiff Ledwith has been classified as a salaried employee exempt from
8  overtime wages and other related benefits.

9      8.      Plaintiff Lisa Gresham was employed by DEFENDANT in California as an
10  Assistant Store Manager from August of 2012 to March of 2014.  At all times relevant during
11  her employment with DEFENDANT, Plaintiff Gresham was classified as a salaried employee
12  exempt from overtime wages and other related benefits.

13      9.      Plaintiff Guillermina Avitia was employed by DEFENDANT in California as an
14  Assistant Store Manager from May of 2005 to February of 2014.  At all times relevant during
15  her employment with DEFENDANT, Plaintiff Avitia was classified as a salaried employee
16  exempt from overtime wages and other related benefits.

17      10.      Plaintiff Claudia Soto was employed by DEFENDANT in California as an
18  Assistant Store Manager from 2014 to January of 2016.  At all times relevant during her
19  employment with DEFENDANT, Plaintiff Soto was classified as a salaried employee exempt
20  from overtime wages and other related benefits.

21      11.      Plaintiff Tammy Sanchez was employed by DEFENDANT in California as an
22  Assistant Store Manager from May of 2008 to June of 2015.  At all times relevant during her
23  employment with DEFENDANT, Plaintiff Sanchez was classified as a salaried employee
24  exempt from overtime wages and other related benefits.

25      12.      Plaintiff Randy Giefer was employed by DEFENDANT in California as an
26  Assistant Store Manager from June of 2013 to July of 2015.  At all times relevant during his
27  employment with DEFENDANT, Plaintiff Giefer was classified as a salaried employee exempt
28  from overtime wages and other related benefits.

13.     Plaintiff Gerald Lalonde was employed by DEFENDANT in California as an Assistant Store Manager from 2011 to January of 2013.  At all times relevant during his employment with DEFENDANT, Plaintiff Lalonde was classified as a salaried employee exempt from overtime wages and other related benefits.

14.     Plaintiff Diane Holland was employed by DEFENDANT in California as an Assistant Store Manager from 2006 to July of 2015.  At all times relevant during her employment with DEFENDANT, Plaintiff Holland was classified as a salaried employee exempt from overtime wages and other related benefits.

15.     Plaintiff Jennie Keen was employed by DEFENDANT in California as an Assistant Store Manager from January of 2011 to February of 2013. At all times relevant during her employment with DEFENDANT, Plaintiff Keen was classified as a salaried employee exempt from overtime wages and other related benefits.

16.     Plaintiff Gabriel Sucre was employed by DEFENDANT in California as an Assistant Store Manager from 2007 to October of 2014.  At all times relevant during his employment with DEFENDANT, Plaintiff Sucre was classified as a salaried employee exempt from overtime wages and other related benefits.

17.     Plaintiff John Kenyon was employed by DEFENDANT in California as an Assistant Store Manager from August of 2015 to November of 2015.  At all times relevant during his employment with DEFENDANT, Plaintiff Kenyon was classified as a salaried employee exempt from overtime wages and other related benefits.

18.     Plaintiff Kurt Johnson was employed by DEFENDANT in California as an Assistant Store Manager from January of 2014 to June of 2015. At all times relevant during his employment with DEFENDANT, Plaintiff Johnson was classified as a salaried employee exempt from overtime wages and other related benefits.

19.     Plaintiff Rosa Trevino has been employed by DEFENDANT in California as an Assistant Store Manager since 2011. At all times relevant during her employment with DEFENDANT, Plaintiff Trevino has been classified as a salaried employee exempt from overtime wages and other related benefits.

20.     Plaintiff Rhonda Jackson has been employed by DEFENDANT in California as an Assistant Store Manager since August of 2007. At all times relevant during her employment with DEFENDANT, Plaintiff Jackson has been classified as a salaried employee exempt from overtime wages and other related benefits.

21.     Plaintiff Matthew Bence has been employed by DEFENDANT in California as an Assistant Store Manager since June of 2012. At all times relevant during his employment with DEFENDANT, Plaintiff Bence has been classified as a salaried employee exempt from overtime wages and other related benefits.

22.     Plaintiff Kishon Montez was employed by DEFENDANT in California as an Assistant Store Manager from October of 2012 to July of 2014. At all times relevant during his employment with DEFENDANT, Plaintiff Montez was classified as a salaried employee exempt from overtime wages and other related benefits.

23.     Plaintiff Loraine McWhorter has been employed by DEFENDANT in California as an Assistant Store Manager since 2008.  At all times relevant during her employment with DEFENDANT, Plaintiff McWhorter has been classified as a salaried employee exempt from overtime wages and other related benefits.

24.     Plaintiff Arturo Castaneda  has been employed by DEFENDANT in California as an Assistant Store Manager since 2003.  At all times relevant during his employment with DEFENDANT, Plaintiff Castaneda has been classified as a salaried employee exempt from overtime wages and other related benefits.

25.     Plaintiff Rod Couture was employed by DEFENDANT in California as an Assistant Store Manager from April of 1998 to April 2016.  At all times relevant during his employment with DEFENDANT, Plaintiff Couture was classified as a salaried employee exempt from overtime wages and other related benefits.

26.     Plaintiff Francine Giardino was employed by DEFENDANT in California as an Assistant Store Manager from April of 2009 to September 2015.  At all times relevant during her employment with DEFENDANT, Plaintiff Giardino was classified as a salaried employee exempt from overtime wages and other related benefits.  Plaintiff Giardino has unused, accrued

and vested vacation time when she left employment with DEFENDANT.  DEFENDANT failed to pay Plaintiff Giardino all of her unused, accrued and vested vacation wages upon termination with DEFENDANT in violation of Cal. Lab. Code Section 203.

27.    Plaintiff Blondell Robertson  was employed by DEFENDANT in California as an Assistant Store Manager from August of 2012 to February of 2016.  At all times relevant during her employment with DEFENDANT, Plaintiff Robertson was classified as a salaried employee exempt from overtime wages and other related benefits.

28.    Plaintiff Kevin Ryerson was employed by DEFENDANT in California as an Assistant Store Manager from October of 2012 to March of 2016.  At all times relevant during his employment with DEFENDANT, Plaintiff Ryerson was classified as a salaried employee exempt from overtime wages and other related benefits.

29.    Plaintiff Steven Chapman was employed by DEFENDANT in California as an Assistant Store Manager from July of 2013 to July of 2015.  At all times relevant during his employment with DEFENDANT, Plaintiff Chapman was classified as a salaried employee exempt from overtime wages and other related benefits.

30.    Plaintiff Rosa Torres has been employed by DEFENDANT in California as an Assistant Store Manager from May of 2003.  At all times relevant during her employment with DEFENDANT, Plaintiff Torres has been classified as a salaried employee exempt from overtime wages and other related benefits.

31.    Plaintiff Terrie Walker was employed by DEFENDANT in California as an Assistant Store Manager from February of 2005 to March 2016.  At all times relevant during her employment with DEFENDANT, Plaintiff Walker was classified as a salaried employee exempt from overtime wages and other related benefits.

32.    Plaintiff Judy Balsavich was employed by DEFENDANT in California as an Assistant Store Manager from November of 2011 to May of 2016.  At all times relevant during her employment with DEFENDANT, Plaintiff Balsavich was classified as a salaried employee exempt from overtime wages and other related benefits.

33.    Plaintiff Amber Dolan was employed by DEFENDANT in California as an

Assistant Store Manager from September of 2014 to May of 2016.  At all times relevant during her employment with DEFENDANT, Plaintiff Dolan was classified as a salaried employee exempt from overtime wages and other related benefits.

34.     Plaintiff Michelle Humphreys was employed by DEFENDANT in California as an Assistant Store Manager from May of 2013 to February of 2015.  At all times relevant during her employment with DEFENDANT, Plaintiff Humphreys was classified as a salaried employee exempt from overtime wages and other related benefits.

35.     The statute of limitations on the claims of all PLAINTIFFS alleged herein have been tolled since January 29, 2015 as a result of the filing of the class action complaint in *Cardoza v. Wal-Mart Associates, Inc.*, United State District Court Northern District of California, Case No.15-CV-01634-SBA, and continue to be tolled to April 8, 2016.

36.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to the PLAINTIFFS who therefore sue these Defendants by such fictitious names pursuant to Fed. Rl. Civ. Proc. 17.  PLAINTIFFS will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFFS are informed and believe, and based upon that information and belief allege, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

37.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFFS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

1

## THE CONDUCT

2   38.     The position of an Assistant Store Manager was represented by DEFENDANT

3   to PLAINTIFFS and the other Assistant Store Managers as an exempt and a salaried position.

4   39.     To perform their finite set of tasks, PLAINTIFFS did not engage in a supervisory

5   role given the constraints placed upon them by company policy.  PLAINTIFFS had little, if any,

6   responsibility in determining what work was to be done by other employees or in what time

7   frame.  Furthermore, PLAINTIFFS also did not have a distinct role in training other employees

8   or determining what training they were to receive.  Lastly, PLAINTIFF and other Assistant

9   Store Managers did not have the ultimate authority to hire, fire, or promote employees,

10  determine their pay rates or benefits, or give raises as they were unable unilaterally make

11  employment-related, personnel decisions.  Consequently, PLAINTIFFS did not have the

12  authority to decide whether or not an employee should be disciplined for an infraction without

13  first notifying upper management at DEFENDANT.  Disciplinary decisions were made by the

14  human resources department or dictated by company policies.  Overall, PLAINTIFFS'

15  recommendations were given little, if any, weight on all the above issues.  As a result,

16  PLAINTIFFS were engaged in a type of work that required no exercise of independent

17  judgment or discretion as to any matter of significance.  Therefore, PLAINTIFFS were

18  "managers" in name only because they did not have managerial duties or authority and should

19  therefore have been properly classified as non-exempt employees.

20  40.     PLAINTIFFS performed the finite set of tasks of greeting customers, handling

21  customer service requests and customer service complaints, answering phone calls, taking

22  inventory, receiving product shipments, assisting in the merchandising operation, printing out

23  reports and providing the reports to upper management, unlocking safes, counting money for

24  the cash register, conducting safety inspections by walking the store aisles, processing

25  merchandise returns, operating the customer care center, return desks and self-check-out areas

26  all in strict accordance with DEFENDANT's company policies.  PLAINTIFFS performed all

27  of their job functions according to established company policies, protocols and procedures.

28  PLAINTIFFS spent the vast majority of their day directly engaging with customers and dealing

1   with customer service related issues.  As Assistant Store Managers, PLAINTIFFS  spent the

2   majority of their time performing the same job tasks as DEFENDANT's hourly employees who

3   were paid overtime wages.

4       41.     According to DEFENDANT's company policy, while performing the job

5   functions of an Assistant Store Manager, PLAINTIFFS were and are required to work in excess

6   of eight (8) hours each workday and more than forty (40) hours each workweek.

7       42.     PLAINTIFFS were not provided overtime compensation and other benefits

8   required by law as a result of being classified as "exempt" by DEFENDANT.

9       43.     As a matter of company policy, practice, and procedure, DEFENDANT has

10  unlawfully, unfairly and/or deceptively classified PLAINTIFFS as exempt based on job title

11  alone, failed to pay required overtime compensation and otherwise failed to comply with all

12  applicable labor laws with respect to PLAINTIFFS.

13      44.     Although PLAINTIFFS primarily performed non-exempt clerical labor,

14  DEFENDANT instituted a blanket classification policy, practice and procedure by which

15  PLAINTIFFS were classified as exempt from overtime compensation and other related benefits.

16  By reason of this uniform exemption practice, policy and procedure applicable to PLAINTIFFS

17  who performed this non-exempt labor, DEFENDANT committed acts of unfair competition in

18  violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

19  (the "UCL"), by engaging in a company-wide policy, practice and procedure which failed to

20  properly classify PLAINTIFFS and thereby failed to pay them overtime wages for documented

21  overtime hours worked.  The proper classification of these employees is DEFENDANT's legal

22  burden.  As a result of DEFENDANT's intentional disregard of the obligation to meet this

23  burden, DEFENDANT failed to pay all required overtime compensation for work performed

24  by PLAINTIFFS and other Assistant Store Managers and violated the California Labor Code

25  and regulations promulgated thereunder as herein alleged. In addition, DEFENDANT failed to

26  provide all the legally required off-duty meal and rest breaks to PLAINTIFFS as required by

27  the applicable Wage Order and Labor Code. DEFENDANT does not have a policy or practice

28  which provided meal and rest breaks to PLAINTIFFS.  As a result, DEFENDANT's failure to

provide PLAINTIFFS with legally required meal and rest breaks is evidenced by DEFENDANT's business records which contain no record of these breaks.

45.     DEFENDANT, as a matter of law, has the burden of proving that (a) employees are properly classified as exempt and that (b) DEFENDANT otherwise complied with applicable laws.  Other than the initial classification of PLAINTIFFS as exempt from being paid overtime based on job title alone, DEFENDANT had no business policy, practice, or procedure to ensure that PLAINTIFFS were properly classified as exempt, and in fact, as a matter of corporate policy erroneously and unilaterally classified PLAINTIFFS as exempt based on job title alone.

46.     PLAINTIFFS employed by DEFENDANT were not primarily engaged in work of a type that was or now is directly related to the management or general business operation of the employer's customers, when giving these words a fair but narrow construction. PLAINTIFFS employed by DEFENDANT were also not primarily engaged in work of a type that was or now is performed at the level of the policy or management of DEFENDANT. PLAINTIFFS employed by DEFENDANT were also not primarily engaged in work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, but rather their work primarily involves the performance of routine mental, manual, and/or physical processes. PLAINTIFFS employed by DEFENDANT were also not primarily engaged in work that was predominantly intellectual and varied in character, but rather was routine mental, manual, mechanical, and/or physical work that was of such character that the output produced or the result accomplished could be standardized in relation to a given period of time.

47.     PLAINTIFFS were classified as exempt from California overtime and related laws by DEFENDANT, however, these employees did not have managerial duties or authority. PLAINTIFFS performed ongoing day-to-day non-exempt activities. Furthermore, PLAINTIFFS were tightly controlled by company policy and by their managers, did not exercise discretion or independent judgment as to matters of significance, and their job duties were not directly related to DEFENDANT's management policies or general business operation.

48.     PLAINTIFFS are and were uniformly classified and treated by DEFENDANT as exempt at the time of hire and thereafter, DEFENDANT failed to take the proper steps to determine whether PLAINTIFFS, were properly classified under the applicable Industrial Welfare Commission Wage Order(s) and Cal. Lab. Code §§ 510, *et seq.* as exempt from applicable California labor laws.  Since DEFENDANT affirmatively and wilfully misclassified PLAINTIFFS in compliance with California labor laws, DEFENDANT's practices violated and continue to violate California law.  In addition, DEFENDANT acted deceptively by falsely and fraudulently telling PLAINTIFFS that they were exempt from overtime pay when DEFENDANT knew or should have known that this statement was false and not based on known facts. DEFENDANT also acted unfairly by violating the California labor laws, and as a result of this policy and practice, DEFENDANT also violated the UCL.  In doing so, DEFENDANT cheated the competition by paying PLAINTIFFS less than the amount competitors paid who complied with the law and cheated PLAINTIFFS by not paying them in accordance with California law.

49.     When DEFENDANT required PLAINTIFFS to respond to work communications after their scheduled workday, this results in a second reporting for work in a single workday. In such a circumstance of a second reporting for work in a single workday, DEFENDANT fails to pay these employees reporting time pay as required by Cal. Code Regs., tit. 8, § 11040. Subdivision 5(B) states: "If an employee is required to report for work a second time in any one workday and is furnished less than two (2) hours of work on the second reporting, said employee shall be paid for two (2) hours at the employee's regular rate of pay, which shall not be less than the minimum wage." Cal. Code Regs., tit. 8, § 11040, subd. 5(B).  DEFENDANT failed to pay PLAINTIFFS reporting time wages due to them.

50.     DEFENDANT also failed to provide PLAINTIFFS with a wage statement in writing that accurately sets forth gross wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by PLAINTIFFS.  This conduct violated California Labor Code § 226.  The pay stub also did not accurately display anywhere the PLAINTIFFS' overtime hours and applicable rates of overtime

1   pay for the pay period.

2        51.    By reason of this uniform conduct applicable to PLAINTIFFS, DEFENDANT

3   committed acts of unfair competition in violation of the California Unfair Competition law, Cal.

4   Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and

5   procedure which failed to correctly classify PLAINTIFFS as non-exempt.   The proper

6   classification of these employees is DEFENDANT's burden.  As a result of DEFENDANT's

7   intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly

8   calculate and/or pay all required overtime compensation for work performed by PLAINTIFFS

9   and violated the applicable Wage Order, the California Labor Code and the regulations

10   promulgated thereunder as herein alleged.

11

12                     **JURISDICTION AND VENUE**

13        52.    Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391

14   because DEFENDANT (i) currently maintains and at all relevant times maintained offices and

15   facilities in this judicial district and/or conducts substantial business in this judicial district, and

16   (ii) committed the wrongful conduct herein alleged in this judicial district against PLAINTIFFS.

17   Venue is also proper in this district because the complaint was initially filed in the Superior

18   Court of California, County of San Juaquin, but was later removed by DEFENDANT to this

19   Court.

20

21                    **FIRST CAUSE OF ACTION**

22                **For Unlawful Business Practices**

23          **[Cal. Bus. And Prof. Code §§ 17200 *et seq*.]**

24          **(By PLAINTIFFS and Against All Defendants)**

25        53.    PLAINTIFFS reallege and incorporate by this reference, as though fully set forth

26   herein, paragraphs 1 through 53 of this Complaint.

27        54.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

28

1  Code § 17021.

2       55.    California Business & Professions Code §§ 17200 *et seq*. (the "UCL") defines

3  unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203

4  authorizes  injunctive,  declaratory,  and/or  other  equitable  relief  with  respect  to  unfair

5  competition as follows:

6           Any  person  who  engages,  has  engaged,  or  proposes  to  engage  in  unfair
            competition may be enjoined in any court of competent jurisdiction. The court
7           may make such orders or judgments, including the appointment of a receiver, as
            may be necessary to prevent the use or employment by any person of any practice
8           which constitutes unfair competition, as defined in this chapter, or as may be
            necessary to restore to any person in interest any money or property, real or
9           personal, which may have been acquired by means of such unfair competition.

10  California Business & Professions Code § 17203.

11       56.    By the conduct alleged herein, DEFENDANT has engaged and continues to

12  engage in a business practice which violates California law, including but not limited to, the

13  applicable Wage Order(s), the California Code of Regulations and the California Labor Code

14  including Sections 201, 202, 203, 204, 226.7, 510, 512, 1194 & 1198, for which this Court

15  should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203

16  as may be necessary to prevent and remedy the conduct held to constitute unfair competition,

17  including restitution of wages wrongfully withheld. DEFENDANT's practices alleged herein

18  were also unfair within the meaning of the UCL because the DEFENDANT's conduct was

19  contrary  to  important  public  policies  of  California,  was  immoral,  unethical,  oppressive,

20  unscrupulous,  and  the  utility  of  which  was  outweighed  to  the  harm  of  the  conduct  to

21  PLAINTIFFS.  DEFENDANT's practices alleged herein were deceptive within the meaning of

22  the UCL because PLAINTIFFS were likely to be deceived by DEFENDANT's representations

23  that  these  employees  were  properly  classified  as  exempt,  were  not  entitled  to  overtime

24  compensation, and were paid in full for their work because such representations were not true.

25       57.    By the conduct alleged herein DEFENDANT has obtained valuable property,

26  money, and services from PLAINTIFFS, and has deprived them of valuable rights and benefits

27  guaranteed by law, all to their detriment and to the benefit of DEFENDANT so as to allow

28  DEFENDANT to unfairly compete.  Declaratory and injunctive relief is necessary to prevent

1    and remedy this unfair competition, and pecuniary compensation alone would not afford

2    adequate and complete relief.

3         58.    All the acts described herein as violations of, among other things, the California

4    Labor Code, California Code of Regulations, and the Industrial Welfare Commission Wage

5    Orders, were unlawful, were in violation of public policy, were immoral, unethical, oppressive,

6    and unscrupulous, and were likely to deceive employees, and thereby constitute deceptive,

7    unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code §§ 17200, *et seq.*

8         59.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

9    fraudulent in that DEFENDANT's uniform policy and practice was to improperly classify as

10   exempt PLAINTIFFS, and DEFENDANT's uniform policy and practice also failed to

11   accurately record all hours worked, and failed to provide the required amount of overtime

12   compensation and reporting time wages due to a systematic misclassification that cannot be

13   justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission

14   requirements in violation of Cal. Bus. Code Section 17200 *et seq.*, and for which this Court

15   should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203,

16   including restitution of wages wrongfully withheld.

17        60.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,

18   unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFFS to be

19   underpaid during their employment with DEFENDANT.

20        61.    By the conduct alleged herein, DEFENDANT's practices were also unfair and

21   deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide

22   mandatory meal and/or rest breaks to PLAINTIFFS.

23        62.    Therefore, PLAINTIFFS demand one (1) hour of pay for each workday in which

24   an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1)

25   hour of pay for each workday in which a second off-duty meal period was not timely provided

26   for each ten (10) hours of work.

27        63.    PLAINTIFFS further demand one (1) hour of pay for each workday in which a

28   rest period was not timely provided as required by law.

64.     PLAINTIFFS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which the PLAINTIFFS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all hours worked.

65.     PLAINTIFFS, have no plain, speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of DEFENDANT.   Further, the practices herein alleged presently continue to occur unabated.   As a result of the unfair and unlawful business practices described above, PLAINTIFFS have suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing to engage in these unfair and unlawful business practices.   In addition, DEFENDANT should be required to disgorge the unpaid moneys, penalties and interest as required by law and make restitution to PLAINTIFFS.

## SECOND CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 510, 515, 1194 and 1198]

### (By PLAINTIFFS and Against All Defendants)

66.     PLAINTIFFS reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 66 of this Complaint.

67.     Cal. Lab. Code § 510 states in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

68.     Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

69.     Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to work more than six days in seven."

70.     Cal. Lab. Code § 515(d) provides:  "For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

71.     Cal. Lab. Code § 1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

72.     Cal. Lab. Code § 1198 provides:  "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

73.     DEFENDANT has intentionally and uniformly designated certain employees as "exempt" employees, by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including PLAINTIFFS who worked on the production side of the DEFENDANT's business.  This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the California Labor Code and Industrial Welfare Commission requirements.

74.     For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision; and,

(b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d)     The employee must customarily and regularly exercise discretion and independent judgment; and,

(e)    The employee must be primarily engaged in duties which meet the test of exemption.

None of PLAINTIFFS were or are an executive because they all fail to meet the requirements of being an "executive" within the meaning of Order No. 4-2001.

75.    For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)    The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b)    The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)    The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)    The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e)    The employee must execute special assignments and tasks under only general supervision; and,

(f)    The employee must be primarily engaged in duties which meet the test of exemption.

None of PLAINTIFFS were or are an administrator because they all fail to meet the requirements for being an "administrator" under Order No. 4-2001.

76.    The Industrial Welfare Commission, in Wage Order 4-2001, at section (1)(A)(3), and Labor Code § 515, also set forth the requirements which must be complied with to place an employee in the "professional" exempt category. For an employee to be "exempt" as a bona fide "professional", all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)    The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession. For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the

performance of:

1)    Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

2)    Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

3)    Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

(b)    The employee must customarily and regularly exercise discretion and independent judgment; and.

(c)    The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

77.    None of PLAINTIFFS were or are a professional because they all fail to meet the requirements of being a "professional" within the meaning of the applicable Wage Order.

78.    PLAINTIFFS do not fit the definition of an exempt executive, administrative, or professional employee because:

(a)    They did not work as executives or administrators; and,

(b)    The professional exemption does not apply to the PLAINTIFFS because they did not meet all the applicable requirements to work under the professional exemption for the reasons set forth above in this Complaint.

79.    During the class period, PLAINTIFFS worked more than eight (8) hours in a

workday and in excess of forty (40) hours in a work week.

80.     At all relevant times, DEFENDANT failed to pay PLAINTIFFS overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though PLAINTIFFS are regularly required to work, and do in fact work, overtime hours.

81.     By virtue of DEFENDANT's unlawful failure to pay additional compensation to PLAINTIFFS, for their regular and overtime hours, PLAINTIFFS have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

82.     DEFENDANT knew or should have known that PLAINTIFFS were misclassified as exempt and DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate policy, practice and procedure.

83.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

84.     In performing the acts and practices herein alleged in violation of labor laws and refusing to provide the requisite regular and overtime compensation, the DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFFS, with a conscious and utter disregard of their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of PLAINTIFFS.

///

///

///

///

**THIRD CAUSE OF ACTION**

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By Plaintiff Wunderlin, Plaintiff Soto, Plaintiff Sucre, Plaintiff Trevino, Plaintiff Jackson, Plaintiff Bence, Plaintiff Kenyon, Plaintiff McWhorter, Plaintiff Couture, Plaintiff Giardino, Plaintiff Robertson, Plaintiff Ryerson, Plaintiff Torres, Plaintiff Balsavich and Plaintiff Dolan and Against All Defendants)**

85.    Plaintiff Wunderlin, Plaintiff Soto, Plaintiff Sucre, Plaintiff Trevino, Plaintiff Jackson, and Plaintiff Bence, Plaintiff Kenyon, Plaintiff McWhorter, Plaintiff Couture, Plaintiff Giardino, Plaintiff Robertson, Plaintiff Ryerson, Plaintiff Torres, Plaintiff Balsavich and Plaintiff Dolan reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 85 of this Complaint.

86.    Cal. Lab. Code § 226 provides that an employer must furnish employees with an  "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on

1      the itemized statement,

2      (8) the name and address of the legal entity that is the employer, and

3      (9) all applicable hourly rates in effect during the pay period and the corresponding

4      number of hours worked at each hourly rate by the employee.

5      87.    At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 226, in

6      that DEFENDANT failed to provide an accurate wage statement in writing that properly and

7      accurately itemized the number of hours worked by Plaintiff Wunderlin, Plaintiff Soto,

8      Plaintiff Sucre, Plaintiff Trevino, Plaintiff Jackson, and Plaintiff Bence, Plaintiff Kenyon,

9      Plaintiff McWhorter, Plaintiff Couture, Plaintiff Giardino, Plaintiff Robertson, Plaintiff

10     Ryerson, Plaintiff Torres, Plaintiff Balsavich and Plaintiff Dolan at the effective regular

11     rates of pay and the effective overtime rates of pay.

12     88.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab.

13     Code § 226, causing injury and damages to Plaintiff Wunderlin, Plaintiff Soto, Plaintiff

14     Sucre, Plaintiff Trevino, Plaintiff Jackson, and Plaintiff Bence, Plaintiff Kenyon, Plaintiff

15     McWhorter, Plaintiff Couture, Plaintiff Giardino, Plaintiff Robertson, Plaintiff Ryerson,

16     Plaintiff Torres, Plaintiff Balsavich and Plaintiff Dolan.  These injuries and damages

17     include, but are not limited to, costs expended calculating the true hours worked and the

18     amount of employment taxes which were not properly paid to state and federal tax

19     authorities.  These damages are difficult to estimate.  Therefore, Plaintiff Wunderlin,

20     Plaintiff Soto, Plaintiff Sucre, Plaintiff Trevino, Plaintiff Jackson, and Plaintiff Bence,

21     Plaintiff Kenyon, Plaintiff McWhorter, Plaintiff Couture, Plaintiff Giardino, Plaintiff

22     Robertson, Plaintiff Ryerson, Plaintiff Torres, Plaintiff Balsavich and Plaintiff Dolan may

23     elect to recover liquidated damages of $50.00 for the initial pay period in which the violation

24     occurred, and $100.00 for each violation in subsequent pay period pursuant to Cal. Lab.

25     Code § 226, in an amount according to proof at the time of trial (but in no event more than

26     $4,000.00 for  Plaintiff Wunderlin, Plaintiff Soto, Plaintiff Sucre, Plaintiff Trevino, Plaintiff

27     Jackson, and Plaintiff Bence, Plaintiff Kenyon, Plaintiff McWhorter, Plaintiff Couture,

28     Plaintiff Giardino, Plaintiff Robertson, Plaintiff Ryerson, Plaintiff Torres, Plaintiff Balsavich

1  and Plaintiff Dolan individually herein).

2

3                    **FOURTH CAUSE OF ACTION**

4                 **For Failure to Pay Wages When Due**

5                   **[ Cal. Lab. Code §§ 201, 202, 203]**

6  **(By PLAINTIFFS Whose Employment Have Been Terminated with DEFENDANT and**

7                      **Against All Defendants)**

8          89.     PLAINTIFFS whose employment have been terminated with DEFENDANT

9  reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through

10  89 of this Complaint.

11         90.     Cal. Lab. Code § 200 provides that:

12                 As used in this article:

13         (a) "Wages" includes all amounts for labor performed by employees of every
           description, whether the amount is fixed or ascertained by the standard of time,
14         task, piece, Commission basis, or other method of calculation.
           (b) "Labor" includes labor, work, or service whether rendered or performed
15         under contract, subcontract, partnership, station plan, or other agreement if the
           labor to be paid for is performed personally by the person demanding payment.
16
17         91.     Cal. Lab. Code § 201 provides, in relevant part, that "If an employer

18  discharges an employee, the wages earned and unpaid at the time of discharge are due and

    payable immediately."
19
           92.     Cal. Lab. Code § 202 provides, in relevant part, that:
20
           If an employee not having a written contract for a definite period quits his or
21         her employment, his or her wages shall become due and payable not later than
           72 hours thereafter, unless the employee has given 72 hours previous notice of
22         his or her intention to quit, in which case the employee is entitled to his or her
           wages at the time of quitting. Notwithstanding any other provision of law, an
23         employee who quits without providing a 72-hour notice shall be entitled to
           receive payment by mail if he or she so requests and designates a mailing
24         address. The date of the mailing shall constitute the date of payment for
           purposes of the requirement to provide payment within 72 hours of the notice
25         of quitting.

26         93.     There was no definite term in PLAINTIFFS' employment contracts whose

27  employment have been terminated with DEFENDANT.

28         94.     Cal. Lab. Code § 203 provides:

                        FIRST AMENDED COMPLAINT

                                  -22-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

95.     DEFENDANT has not tendered payment of all overtime wages owed as required by law to PLAINTIFFS whose employment have been terminated with DEFENDANT.  DEFENDANT willfully and intentionally failed to pay overtime wages as alleged herein, in violation of California Labor Code §§ 201& 202.

96.     Therefore, as provided by Cal Lab. Code § 203, PLAINTIFFS whose employment have been terminated with DEFENDANT demand thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment and demands an accounting and payment of all overtime wages due, plus interest and statutory costs as allowed by law.

## FIFTH CAUSE OF ACTION

### For Violation of the Private Attorneys General Act

### [Cal. Lab. Code §§ 2698, et seq.]

**(By Plaintiffs Wunderlin, Soto, Sucre, Trevino, Jackson, Bence, Kenyon, McWhorter, Couture, Giardino, Robertson, Ryerson, Torres, Blasavich,  Dolan  and Against All Defendants)**

97.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-97, supra, as though fully set forth at this point.

98.     PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the

---

1  Labor Code.   In enacting PAGA, the California Legislature specified that "it was ... in the

2  public interest to allow aggrieved employees, acting as private attorneys general to recover

3  civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA

4  claims cannot be subject to arbitration.

5       99.   Plaintiffs , and such persons that may be added from time to time who satisfy

6  the requirements and exhaust the administrative procedures under the Private Attorney

7  General Act,  brings this Representative Action on behalf of the State of California with

8  respect to themselves and  all individuals who are or previously were employed by

9  DEFENDANT as Assistant Store Managers and were classified as exempt employees  in

10  California during the time period of July 11, 2015 until the present (the "AGGRIEVED

11  EMPLOYEES").

12       100.   As part of their business, DEFENDANT employs a fleet of "Warehouse

13  Supervisors." PLAINTIFFS and other AGGRIEVED EMPLOYEES, as Warehouse

14  Supervisors, were primarily engaged in the core, day-to-day business activities of

15  DEFENDANT.  The finite set of tasks required to be performed by the PLAINTIFFS and

16  other AGGRIEVED EMPLOYEES were greeting customers, handling customer service

17  requests and customer  service complaints, answering phone calls, taking inventory,

18  receiving product shipments, assisting in the merchandising operation, printing out reports

19  and providing the reports to upper management, unlocking safes, counting money for the

20  cash register, conducting safety inspections by walking the store aisles, processing

21  merchandise returns, operating the customer care center, return desks and self-check-out

22  areas all in accordance with DEFENDANT's established specific procedures and protocols

23  which governed and controlled every aspect of the work performed by the PLAINTIFFS and

24  other AGGRIEVED EMPLOYEES.

25       101.   To  perform their finite set of tasks, PLAINTIFFS and other AGGRIEVED

26  EMPLOYEES did not engage in a supervisory or managerial role given the constraints

27  placed upon them by company policy.  PLAINTIFFS and other AGGRIEVED

28  EMPLOYEES did not determine what work was to be done by other employees or in what

1   time frame.  Furthermore, PLAINTIFFS and other AGGRIEVED EMPLOYEES also did

2   not have a distinct role in training other employees or determining what training they were

3   to receive.  Lastly, PLAINTIFFS and other AGGRIEVED EMPLOYEES did not have the

4   authority to hire, fire, or promote employees, determine their pay rates or benefits, or give

5   raises as they were unable to make employment-related, personnel decisions.  Consequently,

6   PLAINTIFFS and other AGGRIEVED EMPLOYEES did not have the authority to decide

7   whether or not an employee should be disciplined for an infraction.  PLAINTIFFS and other

8   AGGRIEVED EMPLOYEES were not engaged in work of a type that was or now is directly

9   related to the management or general business operations of the DEFENDANT's customers,

10  when giving these words a fair but narrow construction.  PLAINTIFFS and other

11  AGGRIEVED EMPLOYEES were also not engaged in work of a type that was or now is

12  performed at the level of the policy or management of DEFENDANT.  PLAINTIFFS and

13  other AGGRIEVED EMPLOYEES were also not engaged in work requiring knowledge of

14  an advanced type in a field or science or learning customarily acquired by a prolonged

15  course of specialized intellectual instruction and study, but rather their work involved the

16  performance of routine mental, clerical, and/or physical processes.  PLAINTIFFS and other

17  AGGRIEVED EMPLOYEES were also not engaged in work that was intellectual and varied

18  in character, but rather was routine mental, clerical, and/or physical work that was of such

19  character that the output produced or the result accomplished can be standardized in relation

20  to a given period of time.  The work of a Warehouse Supervisor of DEFENDANT was work

21  wherein the PLAINTIFFS and other AGGRIEVED EMPLOYEES were engaged in the day-

22  to-day business of DEFENDANT.  Therefore, the PLAINTIFFS and other AGGRIEVED

23  EMPLOYEES should have been properly classified as non-exempt employees.

24      102.   On July 20, 2016, Plaintiffs gave written notice by certified mail to the Labor

25  and  Workforce Development Agency (the "Agency") and the employer of the specific

26  provisions of this code alleged to have been violated as required by Labor Code § 2699.3.

27  See Exhibit #1, attached hereto and incorporated by this reference herein.  The statutory

28  waiting period for Plaintiffs to add these allegations to the Complaint has expired.  As a

1  result, pursuant to Section 2699.3, Plaintiffs  may now commence a representative civil

2  action under PAGA pursuant to Section 2699 as the proxy of the State of California with

3  respect to all AGGRIEVED EMPLOYEES as herein defined.

4        103.    The policies, acts and practices heretofore described were and are an unlawful

5  business act or practice because Defendant (a) failed to properly record and pay Plaintiffs

6  and the other AGGRIEVED EMPLOYEES for all of the hours they worked, including

7  overtime hours in violation of the Wage Order, (b) failed to provide accurate itemized wage

8  statements, and (c) failed to timely pay wages, all in violation of the applicable Labor Code

9  sections listed in Labor Code §2699.5, including but not limited to Labor Code §§ 201, 202,

10  203, 204, 226(a), 226.7, 256, 510, 512, 1194, 1198 and the applicable Industrial Wage

11  Order(s), and thereby gives rise to statutory penalties as a result of such conduct.  Plaintiffs

12  hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney

13  General Act of 2004 as the representative of the State of California for the illegal conduct

14  perpetrated on Plaintiffs and the other AGGRIEVED EMPLOYEES.

15

16                          **<u>PRAYER FOR RELIEF</u>**

17        WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and

18  severally, as follows:

19  1.    On behalf of PLAINTIFFS:

20        A)    An order requiring DEFENDANT to correctly calculate and pay all wages and

21              all sums unlawfuly withheld from compensation due to PLAINTIFFS;

22        B)    Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution

23              of the sums incidental to DEFENDANT's violations due to PLAINTIFFS; and,

24        C)    An order temporarily, preliminarily and permanently enjoining and restraining

25              DEFENDANT from engaging in similar unlawful conduct as set forth herein.

26  2.    On behalf of PLAINTIFFS:

27        A)    Compensatory damages, according to proof at trial, including compensatory

28              damages for overtime compensation due PLAINTIFFS plus interest thereon at the

1   statutory rate;

2   B)   The wages of all terminated PLAINTIFFS as a penalty from the due date thereof

3        at the same rate until paid or until an action therefore is commenced, in

4        accordance with Cal. Labor Code § 203; and,

5   C)   The greater of all actual damages or fifty dollars ($50) for the initial pay period

6        in which a violation occurs and one hundred dollars ($100) of each PLAINTIFFS

7        for each violation in a subsequent pay period, not exceeding an aggregate penalty

8        of four thousand dollars ($4,000), and an award of costs for violation of Cal.

9        Labor Code § 226.

10  3.   On behalf of the State of California and with respect to all AGGRIEVED EMPLOYEES:

11  A)   Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

12       General Act of 2004.

13  4.   On all claims:

14  A)   An award of interest, including prejudgment interest at the legal rate;

15  B)   Such other and further relief as the Court deems just and equitable; and,

16  C)   An award of penalties, attorneys' fees and cost of suit, as allowable under the

17       law, including, but not limited to, pursuant to Cal. Labor Code §218.5, §226

18       and/or §1194.

19

20  Dated: September 29, 2016          BLUMENTHAL, NORDREHAUG & BHOWMIK

21

22       By: _____

23           Norman B. Blumenthal
             Attorneys for Plaintiffs

24

25

26

27

28

---

FIRST AMENDED COMPLAINT

Case No. 2:16-CV-01156

1

## **DEMAND FOR JURY TRIAL**

2        PLAINTIFFS demand jury trial on issues triable to a jury.

3

Dated: September 29, 2016        BLUMENTHAL, NORDREHAUG & BHOWMIK

4

5

6        By:_____
             Norman B. Blumenthal
7             Attorneys for Plaintiffs

8

9

10

11

12

13

14   K:\D\Dropbox\Pending Litigation\Wal-Mart-Couture\p-FAC-fed.wpd

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

Case No. 2:16-CV-01156

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT #1

FIRST AMENDED COMPLAINT

Case No. 2:16-CV-01156

**BLUMENTHAL, NORDREHAUG & BHOWMIK**

FACSIMILE
(858) 551-1232

2255 CALLE CLARA
LA JOLLA, CALIFORNIA 92037
GENERAL E-MAIL: bam@bamlawlj.com
Web Site: www.bamlawca.com

TELEPHONES
(858) 551-1223

WRITERS E-MAIL:
Nick@bamlawca.com

WRITERS EXT:
5

July 20, 2016
CA1270

### VIA EMAIL TO LWDA AND CERTIFIED MAIL TO DEFENDANT

Labor and Workforce Development Agency
PAGAfilings@dir.ca.gov

Wal-Mart Associates, Inc.
Certified Mail # 70142120000378195895
CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

Re:    Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1194, 1198, Violation of Industrial Wage Order 7(A)(3), Violation of the Applicable Industrial Welfare Commission Wage Order(s), and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

Our offices represent Plaintiffs Jon Wunderlin, Claudia Soto, Gabriel Sucre, Rosa Trevino, Rhonda Jackson, Matthew Bence, John Kenyon, Lorraine McWhorter, Rod Couture, Francine Giardino, Blondell Robertson, Kevin Ryerson, Rosa Torres, Judy Blasavich and Amber Dolan ("Plaintiffs"), and other aggrieved employees in a lawsuit against Wal-Mart Associates, Inc. ("Defendant").  Plaintiffs were employed and suffered violations of the California Labor Code during the Private Attorney General Act period as described in the Complaint that is attached hereto.  At all times relevant during their employment with Defendant, Plaintiffs were classified as salaried employees exempt from receiving overtime wages and the legally required meal and rest periods.  Defendant, however, unlawfully failed to record and pay Plaintiffs and other aggrieved employees for all of the time they worked, including overtime worked.  To date, Defendant has not fully paid Plaintiffs for all their overtime wages still owed to them or any penalty wages owed to them under California Labor Code § 203.  As a consequence of the aforementioned violations, Plaintiffs further contend that Defendant failed to provide accurate wage statements to them, and other aggrieved employees, in violation of California Labor Code § 226(a).  Additionally, Plaintiffs contend that Defendant failed to comply with Industrial Wage Order 7(A)(3) in that Defendant failed to keep time records showing when Plaintiffs began and ended each shift and meal period.  Said conduct, in addition to the foregoing, violates Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1194, 1198, Violation of the Applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code § 2699.3.

A true and correct copy of the Complaint filed by Plaintiffs against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the

alleged violations, (iii) details the specific work performed by Plaintiffs, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiffs, and (iv) sets forth the illegal practices used by Defendant is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiffs therefore incorporate the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable Plaintiffs to proceed with the Complaint filed in the San Joaquin County Superior Court Case No. STK-CV-VOE-2016-6739, against Defendant as authorized by California Labor Code § 2695, *et seq*. The filing fee of $75 is being mailed to the Department of Industrial Relations Accounting Unit with an identification of the Plaintiff, the Defendant and the attached notice. The pending lawsuit consists of other aggrieved employees. As counsel, our intention is to vigorously prosecute the claims as alleged in the complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiffs and all aggrieved California employees.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

*/s/Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

K:\D\Dropbox\Pending Litigation\Wal-Mart-Couture\l-paga-01.wpd